UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICKIE FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.:  1:22-cv-943 |
| v. | ) |
| | ) |
| WALMART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, removing party Walmart Stores East, LP ("Defendant"), by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Defendant, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

## VENUE

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces Monroe County, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2. On April 22, 2022, Walmart Stores East, LP was served with the Summons and Complaint in this matter at the offices of its registered agent for service of process in Indiana, CT Corporation System. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

## STATE COURT PROCEEDINGS

3. On April 18, 2022, Plaintiff, Vickie Freeman (hereinafter "Plaintiff") filed her Summons, Complaint and Appearance in the above-entitled action against Defendant in the Monroe County Circuit Court in the State of Indiana, Cause No. 53C06-2204-CT-000757, and it is now pending therein.

4. No further proceedings have been had in the Monroe County Circuit Court.

5. Pursuant to S.D. Ind. L.R. 81-2(d), Defendant asserts that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

6. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7. Plaintiff, Vickie Freeman, is a citizen of the State of Georgia.

8. The citizenship of unincorporated associations such as Defendant is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or

members there may be. *Hart*, 336 F.3d at 543. The "layers" of Defendant's partners and members in this matter can be traced as follows:

      a. Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership.

      b. The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware Limited Liability Company.

      c. The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware Limited Liability Company.

      d. Wal-Mart Stores East, LP has no partners other than WSE Management, LLC and WSE Investment, LLC.

      e. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

      f. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is an Arkansas Limited Liability Company.

      g. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) has a single member: Wal-Mart Stores, Inc.

      h. Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware.

      i. The principal place of business of all entities referenced above is the State of Arkansas.

9. Because Wal-Mart is neither incorporated in Indiana nor has its principal place of business in Indiana, it is not a citizen of the State of Indiana for purposes of diversity jurisdiction.

10. Because Wal-Mart is neither incorporated in Georgia nor has its principal place of business in Georgia, it is not a citizen of the State of Georgia for purposes of diversity jurisdiction.

11. There is complete diversity of citizenship between the parties named in this case.

12. Plaintiff's Complaint for Damages does not demand a specific sum of monetary damages, as the State of Indiana does not permit a demand for a specific sum or permit recovery of damages in excess of the amount demanded. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following.

   a. Plaintiff alleges she has sustained "serious and permanent injuries" as a result of the incident referenced in the Complaint. (Compl. ¶ 12.)

   b. Plaintiff alleges she has endured medical expenses, lost wages, and other special expenses, and will incur future medical expenses, lost wages, and other special expenses in the future. (Compl. ¶ 16.)

   c. Plaintiff seeks compensation for her permanent injuries, medical expenses, other special expenses, future medical expenses, and lost wages.

   d. Plaintiff, by counsel, has no objection to the removal of this matter on the basis of diversity jurisdiction.

13. Based upon the injuries and damages alleged, Plaintiff seeks recovery in excess of $75,000 exclusive of interest and costs, the value to Plaintiff of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

14. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis

Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## **STATUTORY REQUIREMENTS**

15. Pursuant to 28 U.S.C. § 1446(a), a copy of the entire state court file is attached and includes the State Court Record as of the date of this Notice of Removal.

16. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

17. A copy of this Notice of Removal has been filed in the Monroe County Circuit Court and Plaintiff has been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, removing party WALMART STORES EAST, LP by counsel, respectfully requests that the above-entitled action be removed from the Monroe County Circuit Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

LEWIS WAGNER, LLP


By:  */s/Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MACIE L. HINEN, #36847-49
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Fred Schultz
GREENE & SCHULTZ
520 N. Walnut Street
Bloomington, IN 47404
*Counsel for Plaintiff*

                                                      */s/ Katherine S. Strawbridge*
                                                      KATHERINE S. STRAWBRIDGE

LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone:   317-237-0500
Facsimile:    317-630-2790
kstrawbridge@lewiswagner.com
mhinen@lewiswagner.com